**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-20631**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SARAH MONTEBELLO,**

**Defendant-Appellant.**



_____

Appeal from the United States District Court
for the Southern District of Texas

(95-CR-114-1)
_____

July 23, 1997

Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On May 24, 1995, Sarah Montbello was indicted for knowingly devising and attempting a scheme and artifice to defraud Nationsbank, a federally insured financial institution, in violation of 18 U.S.C. § 1344. Montebello was accused of causing another to (1) open a checking account at Nationsbank, Houston, Texas, (2) deposit counterfeit checks into that account, and (3)

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

make withdrawals from that account before the checks deposited had cleared through the normal course of business. Montebello was arraigned on June 19, 1995, and entered a plea of not guilty. After a jury trial, Montebello was found guilty and sentenced to 33 months in prison, supervised release for three years, and a fine of $7,545. Montebello appeals from the judgment of conviction and sentence entered by the district court.

On appeal, Montebello asserts the following arguments: (1) the district court violated her right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1); (2) the district court abused its discretion by allowing the introduction of certain extrinsic evidence under Fed. R. Evid. 404(b); (3) the district court erred by failing to suppress evidence obtained as the fruits of an allegedly illegal arrest; (4) the district court abused its discretion by denying Montebello's motion for mistrial based upon an alleged impermissibly suggestive pretrial identification procedure; (5) the district court clearly erred in determining that Montebello was the leader/organizer of a criminal scheme involving at least five participants; and (6) the district court clearly erred in determining the amount of loss attributable to Montebello for sentencing purposes.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. We are satisfied that the judgment of the district court should, in

all things, be **AFFIRMED**.